**Date signed June 14, 2004**



```
             /s/ Paul Mannes
             PAUL MANNES
             U. S. BANKRUPTCY JUDGE
```

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| FLORENCE DYSON SAINE | : | Case No. 04-19127PM |
| | : | Chapter 13 |
| Debtor | : | |
| ------------------------------- | : | |
| EMC MORTGAGE CORPORATION | : | |
| Movant | : | |
| vs. | : | |
| | : | |
| FLORENCE DYSON SAINE | : | |
| Respondent | : | |
| ------------------------------- | : | |

**MEMORANDUM OF DECISION**

EMC Mortgage Corporation filed a motion to annul the automatic stay of 11 U.S.C. § 362(a) so as to rehabilitate its admitted violation of the automatic stay in conducting a foreclosure sale at 11:00 a.m. on April 14, 2004. While ordinarily the acts done in violation of the automatic stay are null and void, § 362(d) enables the Bankruptcy Court to annul the stay so as validate such action.

Such an order is appropriate in this case inasmuch as the Consent Order entered December 18, 2002, in Bankruptcy Case No. 02-21799, provided:

> [T]hat upon the earlier of the Debtor's bankruptcy case being dismissed or the Debtor failing to cure the default, the automatic stay shall be terminated and prospective relief shall apply for 180 days from the date of termination of the automatic stay such that any future bankruptcy filing by the Debtor, Co-Debtor or any party to which they may transfer the Subject Property, will not create a stay with respect to the Subject Property.

That case was dismissed on the Trustee's motion for failure to make Plan payments by an Order entered February 19, 2004. Therefore, the December 18, 2002, Order became operative. While there was no bar to Debtor filing this bankruptcy case, by agreement such a filing did not trigger the automatic stay.

Debtor urges that her attorney, Brian Williams, never gave her notice of this agreement and, further, that she did not receive the copy of the Order mailed by the Clerk in the ordinary course of business. However, her statement does not rebut the presumption under Maryland Law of a presumption of delivery and receipt of mail when the material in question is properly mailed. *See Benner v. Nationwide Mutual Insurance Co.*, 93 F.3d 1228, 1234 (CA4 1996), *citting Border v. Grooms*, 297 A.2d 81, 83 (Md. 1972).

This result is most unfortunate in this case because of the terrible physical suffering that the Debtor has sustained over the course of the past few years. She has undergone a heart operation that disabled her. Debtor's Schedules also reflect two automobile accidents that likewise resulted in severe personal injuries.

At the time of the filing of the case, Debtor's Schedules reflected that she was not working as a nurse and was dependent on Social Security and retirement income and a contribution from her young niece. Although Debtor has tried with all her might to hang onto to home, a number of events beyond her control have come together to block this effort. But under the circumstances, the court must grant the relief requested by EMC Mortgage Corporation.

An appropriate order will be entered.

cc:
Florence Dyson Saine, 620 61st Avenue, Capitol Heights, MD 20743
Brian Williams, Esq., 6475 New Hampshire Avenue, Suite 205, Hyattsville, MD 20783
David Portney, Esq., 1 N. Charles Street, Suite 1214, Baltimore, MD 21201
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902

**End of Memorandum**